### DENNING v. ROBINSON et al.

#### (Circuit Court, D. Oregon. February 20, 1911.)

#### No. 3,637.

EXCHANGE OF PROPERTY (§ 3*)—FRAUDULENT REPRESENTATIONS—LANDS.

A statement in letters written by defendant's agent to complainant's agent, in negotiations for an exchange of lands, that defendant's land consisted of an orange grove of 12½ acres, containing 750 trees, giving the varieties, did not constitute a fraudulent representation, which entitles complainant to rescind, because the trees did not cover the entire tract, but something over 10 acres only, where the number of trees was truthfully stated, and they were planted the usual distance apart.

[Ed. Note.—For other cases, see Exchange of Property, Dec. Dig. § 3.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by C. E. Denning against Sylvia S. Robinson and others. Decree for defendants.

Gus Newbury, for plaintiff.

E. A. Meserve, Wm. M. Colvig, and C. L. Reames, for defendant Robinson.

BEAN, District Judge. The charge of fraud relied upon for the relief sought is that the defendant, through her agent, falsely and fraudulently represented to the plaintiff that the land in California conveyed by her to him in exchange for Oregon lands consisted of 12½ acres of orange trees. The exchange was made without either party seeing the land of the other. The entire negotiations were conducted by correspondence between P. W. Cheney, residing in California, the agent of the defendant, and C. W. Sharpe, residing at Medford in this state, agent for the plaintiff. All the representations made by Cheney concerning the area of the land or the extent of the orange grove are to be found in his letters to Sharpe of dates September 16, October 25, and October 29, 1909. The first letter was written in answer to an inquiry from Sharpe, suggested by an advertisement in a Medford paper, and before the plaintiff had any interest in the matter whatever. In this letter, Cheney says:

"That orange grove is located one mile from business center and four blocks from $30,000 high school at Corona, Riverside county, which is about 30 miles southeast from Covina—12½ acres—280 Valencia buds, six years old; balance, 12-year navels."

This letter was shown to the plaintiff, who had previously placed his land in Oregon with Sharpe for sale or exchange, and at his suggestion or by his consent negotiations were opened between Sharpe and Cheney for the exchange of lands; but in their correspondence no further statements are made by Cheney as to the area of the California lands, or the extent of the orange grove thereon, until October 25th, when he writes:

"It seems to me, Mr. Sharpe, that you asked me in one of your letters regarding the varieties of oranges in the grove, and I think I forgot to state to you what they are. There are 750 trees, two-thirds of which are Washington navels (which is the best variety of navel orange) and one-third late Valencias, which have been making orange growers rich the last few years."

After the terms of the exchange had been agreed upon, and on October 29th, Cheney wrote Sharpe, saying:

"Description of grove is lots 1, 2, 3, and 4, block 55, South Riverside Colony Lands, containing 12½ acres."

These are all the statements from Cheney to be found in the correspondence in reference to the area of the California lands or the orange trees growing thereon, and the statements as so made are shown by the testimony to be true. There was in fact 12½ acres in the tract, and 750 orange trees growing thereon, of the kinds and varieties mentioned by Cheney.

It is claimed by the plaintiff that the representations referred to amount to a statement that the entire 12½ acres was in oranges, when in truth and in fact but 10.22 acres were planted to trees. But I do

not think that the statement can be so construed, or that Cheney represented or intended to represent that the entire 12½ acres were in oranges, but that there were 750 orange trees thereon, and this was true. The plaintiff was not injured, but rather benefited, by the fact that the trees were planted the usual and ordinary distance apart, and not scattered all over the entire tract of land.

The charge of fraud has not been made out by the proof, and the bill is dismissed.